LAWRENCE IRON-WORKS Co. *v.* ROCKBRIDGE Co.

*(Circuit Court, W. D. Virginia.* September 15, 1891.)

RECEIVERS—APPOINTMENT—INSOLVENT CORPORATION.

A receiver for a business corporation will not be appointed upon mere allegations of insolvency, unaccompanied by any charge of fraud, mismanagement, or wasting of assets, whereby plaintiff's claim would be imperiled; especially so when plaintiff's affidavits as to insolvency are opposed by other affidavits denying the fact, and alleging that the appointment of a receiver would be injurious to the interests of all parties, including creditors.

In Equity. Bill for injunction and appointment of a receiver.
*M. M. Gilliam* and *William Talcott*, for plaintiff.
*Wm. A. Anderson* and *M. M. Martin*, for defendant.

PAUL, J. The plaintiff, on notice given, asks for "an injunction restraining the defendant company from all further acts and proceedings as a company, and for the appointment of a receiver to take charge of the property and assets of the said Rockbridge Company, and that the said fund be administered under the direction of this court." The plaintiff charges in the bill "that the said Rockbridge Company is wholly and entirely insolvent, and unable to pay its debts; * * * that the entire assets of the said Rockbridge Company are insufficient to pay its debts." To support the charge of insolvency, the complainant files a number of affidavits, chiefly by persons claiming to be creditors of the defendant corporation. The defendant files a number of counter-affidavits, denying its insolvency, and also that it is indebted to several of the affiants, whose affidavits are filed by the plaintiff, and who claim to be its creditors. It also files its answer by its president, which, for the purpose of this motion, will be treated as an affidavit denying its insolvency, and that it owes any debt to the complainant. It files as an exhibit a statement of its liabilities and of its assets; the latter, according to this showing, largely exceeding the former. It also files the affidavits of a number of creditors, representing large sums, asking that a receiver be not appointed, and alleging that to do so would be prejudicial to the best interests of all parties interested in the said Rockbridge Company, either as creditors or stockholders. There is no allegation in the bill charging mismanagement or inefficiency on the part of the officers of the defendant company; no charge of fraud in the conduct of its affairs; no allegation that the property and assets of the company are being wasted, or are in danger of being lost or depreciated, or that the plaintiff's claim will be substantially impaired or endangered. The prayer for an injunction restraining this company from all further acts and proceedings as a company, and for the appointment of a receiver to take charge of its property and assets, and that he administer the same under the control of this court, is based alone on the allegation of its insolvency. No further allegations are made, showing the necessity for the court's intervention in the affairs of the company by the appoint-

ment of a receiver, and showing how its interests will be conserved by the court undertaking to administer the extensive and varied interests of the company, rather than leave the same to the management and control of its officers.

This is the case made by the bill, and to its consideration the court is confined. The fact of the company's insolvency is disputed; but the court is of opinion that, if its insolvency were conceded or established, it would not be sufficient to justify it in the exercise of the extraordinary power prayed for. The doctrine, as laid down by well-recognized authorities on this subject, is this:

"While insolvency of the defendant in possession, and against whom a receiver is sought, is frequently relied upon by the court as a ground of granting the relief, it is to be observed that insolvency alone will not, of itself, warrant a court in appointing a receiver. It must also appear that the plaintiff has a probable cause of action against the defendant, and that the benefit to result from his recovery will either be wholly lost, or substantially impaired, by reason of the insolvency, unless a receiver is appointed." High, Rec. p. 19, § 18.

To the same effect is the doctrine laid down in 3 Pom. Eq. Jur. § 1334; Fost. Fed. Pr. p. 346, § 241. These authorities sustain the conclusion of the court in this case. The prayer for an injunction and for the appointment of a receiver is denied.